**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SAMUEL T. RUSSELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-0493-G (BK) |
| | § | |
| CITY OF DALLAS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was

referred for pretrial management. It is recommended that the District Court deny Plaintiff's

motion to proceed *in forma pauperis* and dismiss the case for want of prosecution.

**I. BACKGROUND**

On March 9, 2011, Plaintiff filed this *pro se* complaint along with a motion to proceed *in*

*forma pauperis*. On March 14, 2011, after concluding that Plaintiff would not suffer undue

financial hardship, the Court granted him until April 11, 2011, to pay the $350.00 filing fee. The

order advised Plaintiff that, if he failed to comply, the denial of his motion for leave to proceed *in*

*forma pauperis* would be recommended, and his action would be subject to dismissal without

prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). To date,

Plaintiff has not paid the requisite filing fee.

**II. ANALYSIS**

A.      Denial of Motion to proceed *In Forma Pauperis*

Whether to permit or deny an application to proceed *in forma pauperis* is within the

sound discretion of the court.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28

U.S.C. § 1915(a)(1).  Courts should make the assessment of financial ability after considering

whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."

*Prows*, 842 F.2d at 140.  "This entails a review of other demands on individual plaintiffs'

financial resources, including whether the expenses are discretionary or mandatory."  *Id.*

Although Plaintiff is a full-time student, his wife is presently employed earning $3,875

per month.  (Doc. #4 at 1-2.)  In addition, Plaintiff's wife receives $808 in child support

payments, and Plaintiff receives $1,380 in rental income.  (*Id.*)  Plaintiff and his wife own a

home valued at $87,000, other real estate valued at $60,000, and three vehicles with a combined

valued of $9,800.  (*Id.* at 3.)  Plaintiff lists average monthly expenses of $5,779, which include

$1,500 for the operation of a business.  (*Id.* at 4-5.)  Plaintiff identifies 7 dependent children.  (*Id.*

at 3.)  In light of this information, the court concludes that Plaintiff will not suffer undue

financial hardship after payment of the $350.00 filing fee, and that his motion to proceed *in*

*forma pauperis* should be denied.

B.        Involuntary Dismissal

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action

*sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court

order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)]

flows from the court's inherent power to control its docket and prevent undue delays in the

disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir.

1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to pay the requisite filing fee.  He has

impliedly refused or declined to do so.  Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DENY** the motion to proceed *in forma pauperis* (Doc. 4) and **DISMISS** this action without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED April 22, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1]  It is unclear from the *pro se* complaint when Plaintiff's claims accrued for purposes of the statute of limitations.  Thus, the Court need not apply the higher standard for dismissal with prejudice for want of prosecution. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE